# LAW OFFICE OF CRAIG A. BLUMBERG

FIFTEEN MAIDEN LANE
20ᵀᴴ FLOOR
NEW YORK, NEW YORK 10038-4003

TELEPHONE (212) 346-0808
TELECOPIER (212) 346-0777

LONG ISLAND OFFICE
393 JERICHO TURNPIKE
2ᴺᴰ FLOOR
MINEOLA, NEW YORK 11501

February 12, 2019

**Via ECF**
Honorable Paul E. Davison
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

        Re:    Rutkovsky v. Allstate Insurance Company
               Our File No. 2699.01
               <u>Docket No.: 18 CV 05233 (PED)</u>

Dear Judge Davison:

      The undersigned is counsel to the plaintiff in the above referenced matter currently pending before your honor. Pursuant to Section 2(A) of "Individual Practices of Judge Paul E. Davison," this communication is to request a pre motion conference to file a Motion to Quash defendant's two Subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure.

      Plaintiff is the owner of the premises located at 16 Glen Park Road, Purchase, New York. The property was insured by Allstate Insurance Company. On May 21, 2016, there was a fire at the premises that totally destroyed the house. A claim was submitted to Allstate, and the parties agreed to building damage replacement cost in the amount of $709,179.70. Allstate paid the actual cash value of the damages in the amount of $579,041.48, and withheld recoverable depreciation in the amount of $130,138.22. The policy provided that upon the repair or replacement of the home, Allstate would pay the insured the recoverable depreciation. The insured, being unable to rebuild the premises, instead purchased a replacement condominium for approximately $725,000, and thereafter made claim to Allstate for the recoverable depreciation. Allstate refused to pay plaintiff the recoverable depreciation and issued a denial letter dated May 16, 2018. **(Letter attached hereto).**

      Defendant has recently served two subpoenas, one on JP Morgan Chase Bank and the other on Wells Fargo Bank. **(Subpoenas attached hereto).** Both subpoenas demand the production of "Any and all documents and communications concerning the following: Laurence C. Rutkovsky and/or Sharon L. Feldman's intentions regarding the property located at 16 Glen Park Road, Purchase NY 10577-1904 (the "Property"); Loan # ------ and any other loans pertaining to the Property." The request is vague and ambiguous. We do no understand how a request can be made

February 12, 2019
Page 2

to a bank asking for documents relating to the "intentions" regarding the property. Additionally, defendant cannot be permitted to subpoena the bank records of Mr. Rutkovsky or Sharon Feldman (who is not a party in this action) as any such bank records would be confidential and completely irrelevant and immaterial.

                Respectfully submitted,

                LAW OFFICE OF CRAIG A. BLUMBERG

                By: _____
                      Craig A. Blumberg (CB 7166)

cc:    Skarzynsky Black, LLC
        Thomas H. Cellilli, Esq.