Additional email exchange regarding proposed Condo purchase.

## Daniel Cipollone

**Sr. Claim Service Consultant**
**New York Property MCO**
**1125 RXR Plaza, Uniondale, NY 11556**
**914-837-4815**
**866-655-7605 Fax**
[cdqj3@allstate.com](mailto:cdqj3@allstate.com)

**From:** Cellilli III, Thomas H. [mailto:tcellilli@skarzynski.com]
**Sent:** Friday, April 06, 2018 4:47 PM
**To:** Cipollone, Daniel <cdqj3@Allstate.com>; D'Angelo, Matthew <Matthew.DAngelo@Allstate.com>
**Subject:** [External] FW: Rutkovsky claim

# Attorney/Client

Tom

## Thomas H. Cellilli, III

Principal
Skarzynski Black LLC

**D** 212.820.7736  |  **M** 917.750.0618  |  **P** 212.820.7700  |  **F** 212.820.7740
[tcellilli@skarzynski.com](mailto:tcellilli@skarzynski.com)  |  vCard  |  View Bio


http://www.skarzynski.com/images/SB15logo.png

One Battery Park Plaza, 32nd Floor
New York, NY 10004
skarzynski.com

The information contained in this message may be privileged and/or confidential and is intended only for the use of the individual recipient identified above. If the reader of this message is not the intended recipient, you are hereby notified that any use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, fax or e-mail and delete this message. Thank you.

Disclaimer Required by IRS Rules of Practice: Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under Federal tax laws.

**From:** Cellilli III, Thomas H.
**Sent:** Friday, April 6, 2018 4:44 PM
**To:** 'Kreuter, Eric'
**Cc:** Kolb, William C.; Rauh, Katelyn A.; Sixto, Michelle A.
**Subject:** RE: Rutkovsky claim

AL01973

Eric,

Thank you for your e-mail this morning. Does Mr. Rutkovsky intend to return to living at his Glen Park Road property at some point? Does he intend to rebuild at his Glen Road property? We don't think you've given us simple and direct responses to these questions.

If Mr. Rutkovsky does not intend to return to living at his Glen Park Road property, what does he intend to do with this property? We still do not know.

Accordingly, Allstate still is not prepared to make any payment commitments with regard to a proposed condominium purchase based on the information presented thus far. In a voice mail message today, you advised that Mr. Rutkovsky is actively engaged in negotiating the purchase of a condominium. Will you please provide us with specific information related to the acquisition including any assessments which we will review on a without prejudice basis.

Be advised that Allstate continues to reserve all rights and waives none.

Regards,

Tom



## Thomas H. Cellilli, III
Principal
Skarzynski Black LLC

**D** 212.820.7736 | **M** 917.750.0618 | **P** 212.820.7700 | **F** 212.820.7740
tcellilli@skarzynski.com  |  vCard  |  View Bio


http://www.skarzynski.com/images/SB15logo.png

One Battery Park Plaza, 32nd Floor
New York, NY 10004
skarzynski.com

The information contained in this message may be privileged and/or confidential and is intended only for the use of the individual recipient identified above. If the reader of this message is not the intended recipient, you are hereby notified that any use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, fax or e-mail and delete this message. Thank you.

Disclaimer Required by IRS Rules of Practice: Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under Federal tax laws.

**From:** Kreuter, Eric [mailto:EKreuter@markspaneth.com]
**Sent:** Friday, April 6, 2018 9:40 AM
**To:** Cellilli III, Thomas H.
**Cc:** Kolb, William C.; Rauh, Katelyn A.; Sixto, Michelle A.
**Subject:** Re: Rutkovsky claim

AL01974

Tom,
 So it is abundantly clear, it is Mr. Rutkovsky's intention to acquire a condominium as his replacement personal residence. With respect to the land at Glen Park, he will continue to own it.

   I appreciate the case situation. This case is unlike Nunez. There, they had an intention. Here, he does not.

    Please respond to the two urgent questions so the insured can move on with a condo purchase.

Thank you,
 Eric


Sent from my iPhone

On Apr 5, 2018, at 6:36 PM, Cellilli III, Thomas H. <tcellilli@skarzynski.com> wrote:

> **CAUTION**: This email originated outside Marks Paneth LLP. Do not click links or open attachments unless you recognize the sender and know the content is safe.

> Eric,
>
> You seem to be avoiding the fundamental, underlying "replacement" issue.  We have asked you what Mr. Rutkovsky's intentions are with respect to the Glen Park Road property, but you have refused to provide a simple, direct answer.
>
> As we explained in our March 15, 2018 letter, to recover beyond actual cash value, Mr. Rutkovsky would need to either repair his Glen Park Road property or replace it with a bona fide replacement within two years after the date of loss.  Of course, calling the condominium a "replacement" does not necessarily make it a "replacement" in the ordinary sense of the word.
>
> Here, it appears that Mr. Rutkovsky intends to return to his Glen Park Road home once the rebuild is completed.  If this is the case, we believe that the condo would not serve as a true replacement for the Glen Park Road home.
>
> A United States Court of Appeals addressed this very issue in Nunez v. Allstate Ins. Co., 604 F.3d 840, 846 (5th Cir. 2010).  In Nunez, the insureds' home in Chalmette, Louisiana was damaged by Hurricane Katrina prompting the insureds to buy a house in Houston to serve as the insureds' primary residence.  The insureds, however, admitted that they intended to someday repair and return to the Chalmette house.  The United States Court of Appeals held that "according to the plain meaning of the term 'replace,' the Nunezes' purchase of their Houston home does not constitute a substitute or replacement under the policy. The district court correctly concluded, as a matter of law, that the Nunezes could not recover under the replacement provision of the homeowner's policy." See Nunez, 604 F.3d at 846.

Accordingly, Allstate is not prepared to make any payment commitments with regard to a proposed condominium purchase based on the information presented thus far.  We do ask again, however, what Mr. Rutkovsky's intentions are with respect to the Glen Park Road property.  Does he intend to return to the property?  Does he intend to rebuild the property?  What is his plan?

Please communicate your response and any further questions in writing.  Allstate continues to reserve all rights and waives none.

Regards,

Tom

## Thomas H. Cellilli, III
Principal
Skarzynski Black LLC

**D**  212.820.7736  |  **M**  917.750.0618  |  **P**  212.820.7700  |  **F**  212.820.7740
tcellilli@skarzynski.com  |  vCard  |  View Bio

<image002.png>

One Battery Park Plaza, 32nd Floor
New York, NY 10004
skarzynski.com

The information contained in this message may be privileged and/or confidential and is intended only for the use of the individual recipient identified above. If the reader of this message is not the intended recipient, you are hereby notified that any use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, fax or e-mail and delete this message. Thank you.

Disclaimer Required by IRS Rules of Practice: Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under Federal tax laws.

**From:** Kreuter, Eric [mailto:EKreuter@markspaneth.com]
**Sent:** Thursday, April 5, 2018 4:03 PM
**To:** Cellilli III, Thomas H.
**Cc:** Kolb, William C.; Rauh, Katelyn A.; Sixto, Michelle A.
**Subject:** RE: Rutkovsky claim

All-

I believe the two questions posed are very straightforward. The answers have direct bearing on Mr. Rutkovsky's decision with respect to the purchase of a replacement property – in this case, a condo. The realtor is pressing him to make a decision or he will lose the opportunity. The recent questions posed appear to be irrelevant to the issue of the condo purchase and reflect back on the destroyed house at Glen Park.

If you are unable to answer the two questions today please provide the name and number of someone at Allstate's home office so I can try to get an answer directly from them.

AL01976

Thank you,

Eric

**ERIC A. KREUTER, PH.D., CPA, CGMA, CFE, CBA**
**Partner**

**Marks Paneth LLP**
685 Third Avenue, New York, NY 10017
P. 212.201.3117  F. 212.201.3118
EKreuter@markspaneth.com
Link to Bio

Exclaimeronprem
<image004.jpg>

**From:** Cellilli III, Thomas H. <tcellilli@skarzynski.com>
**Sent:** Thursday, April 05, 2018 11:59 AM
**To:** Kreuter, Eric <EKreuter@markspaneth.com>
**Cc:** Kolb, William C. <wkolb@skarzynski.com>; Rauh, Katelyn A. <krauh@skarzynski.com>; Sixto, Michelle A. <msixto@skarzynski.com>
**Subject:** RE: Rutkovsky claim

> **CAUTION**: This email originated outside Marks Paneth LLP. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Eric,

Thank you for your reply but I do not believe it answers the question that I have posed.  What is your client's intention as it relates to the reconstruction project of the home?  Assuming that he purchases the condominium, what does he intend to do with the condominium and what does he intend to do with the reconstruction project of the home?

As an aside, Allstate has never been presented with a formal request for an extension of the two year time period.  To the extent that your e-mail suggests that such a request has been made and not agreed to, that is inaccurate.  You have verbally mentioned to me that you were working with your client to provide such a request, but no such request has been received by our office or, to my knowledge, provided for Allstate's consideration.

Be advised that Allstate continues to reserve all rights under the policy and at law and waives none.

Regards,

Tom

# Thomas H. Cellilli, III
Principal
Skarzynski Black LLC

**D** 212.820.7736 | **M** 917.750.0618 | **P** 212.820.7700 | **F** 212.820.7740

tcellilli@skarzynski.com | vCard | View Bio

<image006.png>

One Battery Park Plaza, 32nd Floor
New York, NY 10004
skarzynski.com

The information contained in this message may be privileged and/or confidential and is intended only for the use of the individual recipient identified above. If the reader of this message is not the intended recipient, you are hereby notified that any use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, fax or e-mail and delete this message. Thank you.

Disclaimer Required by IRS Rules of Practice: Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under Federal tax laws.

**From:** Kreuter, Eric [mailto:EKreuter@markspaneth.com]
**Sent:** Thursday, April 5, 2018 10:57 AM
**To:** Cellilli III, Thomas H.
**Cc:** Kolb, William C.; Rauh, Katelyn A.; Sixto, Michelle A.
**Subject:** RE: Rutkovsky claim

Tom,

Thank you for your message. For clarification, the insured is unable to rebuild Glen Park prior to the expiry of the two-year time limit unless a time extension were to be granted. We've suggested six additional months, but that has not been agreed to. Therefore, Mr. Rutkovsky is left with the choice of replacing the lost house with, in this case, a condo purchase. With that, the remaining insurance recoverability falls to the replacement option rather than the rebuild option.

Please call me if further clarification is needed.

Eric


**ERIC A. KREUTER, PH.D., CPA, CGMA, CFE, CBA**
**Partner**

**Marks Paneth LLP**
685 Third Avenue, New York, NY 10017
P. 212.201.3117 F. 212.201.3118
EKreuter@markspaneth.com
Link to Bio

Exclaimeronprem
<image004.jpg>

**From:** Cellilli III, Thomas H. <tcellilli@skarzynski.com>
**Sent:** Thursday, April 05, 2018 10:49 AM
**To:** Kreuter, Eric <EKreuter@markspaneth.com>
**Cc:** Kolb, William C. <wkolb@skarzynski.com>; Rauh, Katelyn A. <krauh@skarzynski.com>; Sixto, Michelle A. <msixto@skarzynski.com>
**Subject:** RE: Rutkovsky claim

> **CAUTION**: This email originated outside Marks Paneth LLP. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Eric,

Thank you for your e-mail. Will you please clarify what Mr. Rutkovksky's intentions are as it relates to the reconstruction project at the home located at 16 Glen Park Road and its relation to the purchase of this condominium?

Your prompt reply is appreciated.

Regards,

Tom


### Thomas H. Cellilli, III
Principal
Skarzynski Black LLC

**D** 212.820.7736 | **M** 917.750.0618 | **P** 212.820.7700 | **F** 212.820.7740
tcellilli@skarzynski.com  |  vCard  |  View Bio

<image007.png>

One Battery Park Plaza, 32nd Floor
New York, NY 10004
skarzynski.com

---

The information contained in this message may be privileged and/or confidential and is intended only for the use of the individual recipient identified above. If the reader of this message is not the intended recipient, you are hereby notified that any use, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, fax or e-mail and delete this message. Thank you.

Disclaimer Required by IRS Rules of Practice: Any discussion of tax matters contained herein is not intended or written to be used, and cannot be used, for the purpose of avoiding any penalties that may be imposed under Federal tax laws.

---

**From:** Kreuter, Eric [mailto:EKreuter@markspaneth.com]
**Sent:** Thursday, April 5, 2018 8:51 AM
**To:** Cellilli III, Thomas H.
**Subject:** Rutkovsky claim

Tom,

I wish to reiterate the import of the questions posed to you yesterday regarding the potential purchase of a replacement residence for Mr. Rutkovsky. In Westchester, like many active residential realty markets, there is often very competitive bidding and immediate offers placed on newly-listed homes, including condos and coops. The insured has been searching for suitable

condos for months solely because of the looming two-year rebuild deadline imposed by the policy. This deadline, as I mentioned in our call yesterday, will not allow a replacement structure to be erected at Glen Park because of delays we attribute to Allstate's handling of the claim and then the difficulty achieving permits from the town, etc. It just takes a long time to orchestrate replacement of a structure that was built over 50 years ago. Because of the rigidity of the two-year period, the insured has decided to acquire residence in a condo.

Yesterday, a suitable condo came on the market, followed by an immediate open house. Mr. Rutkovsky expressed serious interest to the realtor and has endeavored to obtain the tax assessor's composition of tax on land and structure so can comply with Allstate's requirement to deduct the land value (as determined by the tax assessor, though no land is conveyed) from the total purchase price. With that net amount, we can compare the RCV from Glen Park against the net value of the potential purchase to determine how much of the additional 25% coverage can be recouped upon completion of the replacement. IN the present case, assuming the insured does bid full asking price (actual winning bid could be much higher) and that offer is accepted, then we calculate the replacement cost to be approx. 92.7% of the RCV of Glen Park or just shy of the amount he would need to spend to achieve full recovery. If this were to work out as described, the insured would expect to receive 92.7% of the remaining insurance and the case can then approach closure.

Because of the past controversy, I am sure you can appreciate the tenor of my call yesterday with the expressed time urgency specific to the two material points:

1. Will Allstate agree to the formula for determination of land value to equal the percentage as derived by the tax assessor (with proof when submitted)?
2. Will Allstate agree to pro-rate the remaining coverage in this situation where less than 100% of RCV is used in the replacement purchase?

These answer are needed this morning; otherwise, the insure risks losing out to another buyer and then must start over. Again, given all the anxiety and controversy, we feel we have reached a solution to the problems and hope Allstate will agree to work with the insured to finish this. If there is contention on the above points then it will result in very burdensome abandoning the contemplated condo and renewing a search for a more expensive dwelling. I would be puzzled how this could serve Allstate. Thus, I am hopeful we can avoid adding to the past anxieties and move toward calmer days.

Thank you,

Eric


**ERIC A. KREUTER, PH.D., CPA, CGMA, CFE, CBA**
**Partner**

**Marks Paneth LLP**
685 Third Avenue, New York, NY 10017
P. 212.201.3117  F. 212.201.3118
EKreuter@markspaneth.com
Link to Bio

Exclaimeronprem
*<image004.jpg>*

Any tax advice in this e-mail should be considered in the context of the tax services we are providing to you. Preliminary tax advice should not be relied upon and may be insufficient for penalty protection.

CONFIDENTIALITY NOTE:
This transmission may contain confidential and/or privileged information. This information is intended for use by the individual or entity named above. If you are not the intended recipient, be aware that any disclosures, copying, distribution or use of the contents of this information is prohibited. If you have received this transmission in error, please notify this office immediately.

**AL01981**