UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
LAURENCE V. RUTKOVSKY,

           Plaintiff,

    v.

ALLSTATE INSURANCE COMPANY,

           Defendant.
---------------------------------------------------------------x

Westchester Co. Index No.: 057884/2018

Case No.: 18-CV-5233

## NOTICE OF REMOVAL

Defendant, Allstate Insurance Company ("Allstate"), pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446, hereby gives notice of its removal of this action from the Supreme Court of the State of New York, Westchester County, to this Court. In support of its Notice of Removal, Allstate states as follows:

### THE STATE COURT ACTION

1.    On or about May 17, 2018, Laurence V. Rutkovsky ("Plaintiff") commenced an action by filing a Summons and Complaint against Allstate in the Supreme Court of the State of New York, County of Westchester, bearing Index No. 057884/2018 (the "State Court Action").[1] Allstate received a copy of the Summons and Complaint on May 22, 2018. A copy of the Summons and Complaint is attached to this Notice of Removal as <u>Exhibit A</u>.

### THE PARTIES

2.    Plaintiff is, and at the time of commencement of this action was, a resident of the County of Westchester, State of New York.

---

[1] The State Court Action is pending in this judicial district.

3. Defendant Allstate is, and at the commencement of this action was, a corporation organized under the laws of Illinois with its principal place of business located at 2775 Sanders Road, Northbrook, Illinois 60062, and at all times material hereto was authorized to issue insurance policies in the State of New York.

## THE NATURE OF THE DISPUTE

4. Allstate issued a property insurance policy number 078708985 (the "Policy") to Plaintiff, with a policy period of July 1, 2015 to July 1, 2016. The location of the property insured is identified as 16 Glen Park Rd, Purchase, NY 10577-1904 (the "Residence").

5. On or about May 21, 2016, a fire destroyed the Residence and damaged the contents located therein.

6. Allstate thereafter received notice of the loss. Plaintiff pursued a claim for coverage under the Policy for damage to the Residence and to its contents.

7. Following its investigation of the claim, Allstate paid, on an actual cash value basis, Plaintiff's claim related to the May 21, 2016 fire loss.

8. On or about May 8, 2018, Plaintiff presented a further claim to Allstate for additional payment on a replacement cost basis. Plaintiff asserted that his purchase of a condominium located in Westchester County, New York, which he intended to make his primary dwelling, would constitute a replacement of the fire-damaged Residence and entitle him to a replacement cost coverage payment under the Policy.

9. On or about May 16, 2018, Allstate issued a letter to Plaintiff advising him that Allstate had denied his further claim for a replacement cost coverage payment under the Policy.

10. On or about May 17, 2018, Plaintiff filed his Complaint in the State Court Action. The Complaint alleges $139,138.22 in monetary damages for the replacement cost coverage

2

payment to which Plaintiff contends he is entitled under the Policy. Plaintiff served the Complaint upon the Defendants on May 17, 2018. *See* <u>Exhibit A.</u>

## STATUTORY REQUIREMENTS FOR REMOVAL

11. By this Notice, Allstate has removed the State Court Action to this Court, pursuant to 28 U.S.C. §§ 1441(a) and 1446, and asserts that federal subject matter jurisdiction is proper under diversity jurisdiction. Removal based on federal diversity jurisdiction requires that the amount in controversy exceed $75,000, exclusive of interest and costs, and that the citizenship of the parties be completely diverse. 28 U.S.C. § 1332(a)(1).

<u>Amount in Controversy</u>

12. Plaintiff is seeking insurance coverage for real property damage in the amount of $139,138.22. Thus, the amount in controversy exceeds $75,000, exclusive of interest or costs.

<u>Diversity of Citizenship</u>

13. There is complete diversity of citizenship between Plaintiff, a resident of New York, on the one hand, and Allstate, a resident of Illinois, on the other hand, and such complete diversity existed at the time the State Court Action was commenced.

14. Therefore, complete diversity exists as between Plaintiff and Allstate.

<u>Timeliness of Removal</u>

15. This Notice of Removal is filed within the thirty-day period described in 28 U.S.C. § 1446(b).

Attachment of Documents

16. Allstate has attached all process, pleadings, and orders served on it in the State Court Action, as required by 28 U.S.C. § 1446(a).  See Exhibit A.

Written Notice to Plaintiff

17. Written notice of the filing of this Notice of Removal will be given promptly by Allstate to Plaintiff as specified in the forthcoming Affidavit of Service, as required by 28 U.S.C. § 1446(d).

Filing Notice in State Court

18. A copy of this Notice of Removal will be filed promptly by Allstate in the Supreme Court of the State of New York for the County of Westchester, in accordance with 28 U.S.C. § 1446(d).

Dated: New York, New York
       June 11, 2018

Respectfully submitted,

**SKARZYNSKI BLACK LLC**

By:    *S/ Thomas H. Cellilli, III*
      Thomas H. Cellilli, III
      Paul V. Miletic

One Battery Park Plaza, 32nd Floor
New York, New York 10004
Tel.: (212) 820-7700
Email: tcellilli@skarzynski.com
       pmiletic@skarzynski.com

*Attorneys for Defendant*
*Allstate Insurance Company*

4

# EXHIBIT A

FILED: WESTCHESTER COUNTY CLERK 05/17/2018 11:48 AM INDEX NO. 57884/2018
NYSCEF DOC. NO. 1 Case 7:18-cv-05285-PED Document 1-1 Filed 06/12/18 Page 2 of 5 RECEIVED NYSCEF: 05/17/2018
Case 7:18-cv-05285-PED Document 1-1 Filed 06/12/18 Page 2 of 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
--------------------------------------------------X

LAURENCE V. RUTKOVSKY

                        Plaintiff(s),

  - vs -

ALLSTATE INSURANCE COMPANY

                       Defendant(s).
--------------------------------------------------X

**SUMMONS**

Index No.: 57884/2018

Date Index No. Purchased 5/17/18

To the Person(s) Named as Defendant(s) Above:

    PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the Plaintiff(s) herein and to serve a copy of your answer on the Plaintiff(s) at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

    YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: May 17, 2018

Signature
Laurence V. Rutkovsky
Print name

Address and Phone Number:
225 Stanley Avenue, # 222
Mamaroneck, NY 10543

( 212 ) 683 - 5962

FILED
MAY 17 2018
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Defendant's Address: 1. Allstate Insurance Company, 21 Elm Place, Rye, NY 10580
                             2. Allstate Insurance Company, 878 Veterans Memorial Highway, 4th Floor, Happauge, NY 11788

Venue:   Plaintiff(s) designate(s) Westchester County as the place of trial. The basis of this designation is *(check one)*:

    ☒ Plaintiff(s) reside in Westchester County.
    ☐ Defendant(s) reside in _____ County.
    ☐ Other *(describe)*: _____

**NOTE: THIS FORM OF SUMMONS MUST BE SERVED WITH A COMPLAINT**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---------------------------------------------------------

LAURENCE V. RUTKOVSKY,

                Plaintiff,

   -against-

ALLSTATE INSURANCE COMPANY,

                Defendant.

---------------------------------------------------------

Index No. 57884/2018

**COMPLAINT**

TO THE SUPREME COURT OF THE STATE OF NEW YORK:

    Plaintiff, Laurence V. Rutkovsky, alleges as follows:

    1.    Plaintiff resides at 225 Stanley Avenue, Unit #222, Mamaroneck, NY 10543.

    2.    Defendant Allstate Insurance Company has a place of business at 21 Elm Place, Rye, NY 10580, an agency from which Plaintiff bought the insurance policy that is at issue.

    3.    Before May 21, 2016, Plaintiff purchased a "Deluxe Homeowners" insurance policy, No. 78708985, from Defendant covering the premises of the former principal residence owned by Plaintiff and his wife, Sharon L. Feldman, as joint tenants, at 16 Glen Park Road, Purchase, NY 10577.

    4.    On May 21, 2016, that residence was destroyed by accident in a fire.

    5.    Under terms of the policy, Defendant is obligated to pay Plaintiff $130,138.22 (the "Replacement Payment") due to Plaintiff's replacement of the property by Plaintiff's purchase of a new principal residence at 225 Stanley Avenue, Unit #222, Mamaroneck, NY 10580, on May 1, 2018.

    6.    To date, Defendant has refused to pay or commit to pay the Replacement Payment to Plaintiff, necessitating this lawsuit.

2

7. Plaintiff has complied with the conditions of the policy relevant to the Replacement Payment.

8. By reason of the facts and circumstances stated above, Defendant has breached the contract and is doing so in bad faith.

9. By reason of the facts and circumstances stated above, Plaintiff has been damaged by Defendant in the sum of $130,138.22 the replacement payment to which he is entitled under the policy, plus such consequential damages as have accrued and will continue to accrue and will be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of $130,138.22 plus such consequential damages as plaintiff proves at trial, plus interest on the amount of from the date hereof, costs and disbursements, together with such, other relief the Court finds to be just and proper.

Dated: May 17th, 2018

_____
Laurence V. Rutkovsky
Plaintiff Pro Se

225 Stanley Avenue. #222
Mamaroneck, NY 10580
(212) 683-5962

## VERIFICATION

Laurence V. Rutkovsky, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
Laurence V. Rutkovsky
Plaintiff

Sworn to before me this 17th day of May, 2018

_____
Notary Public

Bridget A. Degnan
Notary Public, State of New York
No. 04DE6246735
Qualified in Westchester County
Commission Expires August 15, 2019